## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **CLIFF BLACKMON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 6039 |
| | ) |
| **THOMAS J. DART**, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

This newly-filed lawsuit by Cliff Blackmon ("Blackmon") is one of a host of actions brought by present or former pretrial detainees at the Cook County Department of Corrections ("County Jail"), each of which actions (1) utilizes the printed form of Complaint made available by the Clerk's Office for use by persons in custody who seek to advance 42 U.S.C. § 1983 ("Section 1983") claims of deprivation of their constitutional rights and (2) alleges in the Complaint's "Statement of Claim" section that the detainee has or had been subjected to intolerable housing and living conditions at the County Jail. Although those Complaints emanate from detainees who are or were housed in various units at the County Jail, all of them have at least two things in common:

1. Each Complaint describes really appalling conditions that are facially sufficient to state a claim of the violation of federal constitutional rights that meets the "plausibility" standard set by the Twombly-Iqbal caselaw.

2. Nothing is said in any of the Complaints that even hints at the plaintiff having engaged in, let alone having exhausted, available administrative

remedies, an exhaustion requirement that 42 U.S.C. § 1997e(a) specifies as a precondition to filing any such action.

What customarily do accompany those Complaints, however, are one or both of two other Clerk's-Office-supplied printed forms: an In Forma Pauperis Application ("Application")[1] and a motion seeking the designation of pro bono counsel to represent the pro se plaintiff ("Motion").[2]

But the major substantive gap in Blackmon's submission is the already-mentioned absence of any information as to the Section 1997e(a)-prescribed precondition to suit. To be sure, the Supreme Court's decision in Jones v. Bock, 549 U.S. 199, 216 (2007) has characterized that literal precondition to suit as an affirmative defense, so that a prisoner plaintiff's complaint need not address the subject of such exhaustion as an element of his or her claim. That however forces a court to focus initially on the prisoner's establishment of in forma pauperis ("IFP") status under Section 1915 (as has been this Court's invariant practice in the many hundreds of prisoner lawsuits assigned to its calendar over the years) -- a focus that if successful produces a special kind of IFP status, one that excuses the payment of the entire $350 filing fee up front but that creates an obligation -- a debt -- on the prisoner plaintiff's part to pay that amount in future installments.

Although this Court holds no brief for the too-frequently-encountered frivolous actions that can be brought by persons in custody (a concern that doubtless motivated Congress' decision to amend Section 1915 in the bizarre manner that it did), the appalling living conditions at the

---

[1] Blackmon's Application is deficient in its failure to provide all of the information called for by 28 U.S.C. § 1915 ("Section 1915"), more specifically Section 1915(a)(2). Hence this Court cannot make the calculation called for by Section 1915(b)(1) without obtaining further information from Blackmon.

[2] Blackmon has not tendered such a Motion as part of his filing.

County Jail that are portrayed in this and many other like actions that have come to the calendars of this Court and its colleagues cannot lightly be brushed aside as such frivolous claims. Two real world factors have consequently led this Court to inquire into the exhaustion-of-remedies question at the outset of these jail-condition cases where a pro se plaintiff has typically been silent on that score:

1. It is obvious that the spate of such actions stems from the widespread ripple effect of the County Jail grapevine, with the pretrial detainees housed there laboring under the mistaken impression that all they have to do is to fill out the readily available printed Section 1983 Complaint forms to obtain an award of damages.

2. All defendants targeted in such actions (such as Sheriff Dart in this one) will be represented by counsel from a public law office whose lawyers are well aware of the statutory exhaustion-of-remedies requirement and will surely raise that unsatisfied precondition to suit as an opening gun.

In this Court's view, the creation of a $350 obligation with no prospect of relief because the plaintiff inmate has not pursued his or her administrative remedies (as this Court has found to be the case in virtually all such actions assigned to its calendar) would be unfortunate indeed. If a pro se prisoner plaintiff has unwittingly failed to satisfy the precondition established by Section 1997e(a) even where there is a real prospect (at a minimum) that the plaintiff's constitutional rights have indeed been violated, the congressional aims that triggered the Prison Litigation Reform Act of 1995 and its follow-up amendments are not well served by mortgaging a prisoner's limited funds in that way.

Accordingly this Court has determined that justice will be better served by a preliminary inquiry into the issue of exhaustion. Without some input in that respect, this Court cannot determine whether or not an evidentiary hearing is required pursuant to Pavey v. Conley, 663 F.3d 899 (7th Cir. 2011). Because Blackmon has not even hinted that he commenced (let alone exhausted) any such administrative remedies, he is granted until August 29, 2014 to file a supplement to his Complaint identifying any efforts that he undertook to invoke the administrative remedies available at the Cook County Jail. This Court will then be in a position to determine whether a Pavey hearing is necessary or whether Blackmon's lawsuit must be dismissed because of his failure to pursue the congressionally-prescribed precondition to suit. It orders Blackmon to file such a supplement.

                                                                      Milton I. Shadur
                                                                      Senior United States District Judge

Date: August 8, 2014